For the reasons set forth in the accompanying memorandum it is hereby

**ORDERED** that defendant Blackbeard's Castle's request for leave to file in opposition out-of-time be and the same is hereby **GRANTED**. And it is further

**ORDERED** that defendant Blackbeard's Castle's motion for summary judgment be and the same is hereby **DENIED**. And it is further

**ORDERED** that plaintiffs' motion for summary judgment be and the same is hereby **GRANTED**. And it is further

**ORDERED** that the file is deemed **CLOSED** and each side will bear its own costs in this action.

Peter ANDERSON, Plaintiff,

v.

GOVERNMENT OF THE VIRGIN ISLANDS d/b/a Virgin Islands Police Department, Ramon Davila, Kenneth Mapp, Robert Soto, and Elton Lewis, Defendants.

Civ. No. 1996–118.

District Court, Virgin Islands, D. St. Croix.

Sept. 18, 1998.

---

5. Because it has determined coverage is excluded the Court does not reach assertions by Classic that Edick's damages, if any, are not "bodily or personal injury" or an "occurrence," as defined by the policy.

Lee J. Rohn, Law Offices of Rohn & Cusick, St. Croix, USVI, for the plaintiff.

Ernest F. Batenga, Asst. Attorney General, St. Croix, USVI, Co-counsel to all defendants.

Carl J. Hartman, III, New York, NY, for defendant Kenneth Mapp.

Mark L. Milligan, St. Croix, USVI, for defendant Elton Lewis.

Treston E. Moore, Moore & Dodson, St. Thomas, USVI, for defendant Ramon Davila.

## MEMORANDUM

MOORE, Chief Judge.

This matter is before the Court on plaintiff Peter Anderson's ["Anderson"] renewed motion for substitute service by publication. For the reasons set forth below, Anderson's renewed motion will be denied.

In his first motion for service by publication, Anderson sought to serve Governor Roy Lester Schneider ["Schneider"], in his personal capacity, by publication pursuant to V.I. CODE ANN. tit. 5, § 112(a)(1). The Court rejected Anderson's argument because the Governor is not a "foreign corporation" as is required for the application of section 112(a)(1) of Title 5.

Anderson has renewed his motion for service by publication, now relying on section 112(a)(2) which allows service by publication "[w]hen the defendant, being a resident of the Virgin Islands, has departed therefrom with intent to defraud his creditors or to avoid the service of the summons, or with like intent keeps himself concealed therein, or has departed from the Virgin Islands and remained absent therefrom six consecutive weeks." 5 V.I.C. § 112(a)(2). In support of his renewed motion, Anderson maintains that the Schneider's alleged actions of "hiding behind security guards" to avoid service of the summons satisfies the requirements of section 112(a)(2). The Court disagrees.

As stated in the first sentence of section 112(a), before granting service by publication, the Court must be satisfied by presentation of affidavits that "service of the summons cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure, and the defendant after due diligence cannot be found within the Virgin Islands." The Court is not satisfied with Anderson's representations that service cannot be accomplished pursuant to Federal Rule of Civil Procedure 4. Furthermore, the Court is again unwilling to draw the somewhat ludicrous conclusion that the Governor of the Virgin Islands cannot be located within the Territory of the Virgin Islands. The Court instead suggests that counsel undertake an in depth reading of the Federal Rules and the local statutes before bombarding this Court with another meritless motion. Accordingly, Anderson's motion for substitute service by publication is denied.

## ORDER

For the reasons set forth in the accompanying Memorandum, it is hereby.

**ORDERED** that Plaintiff's Renewed Motion for Service by Publication is **DENIED**.